UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY J. PAVELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01890-SEB-MJD |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Kelly J. Pavely ("Pavely") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Magistrate Judge recommends that the District Judge **AFFIRM** the decision of the Commissioner.

**I. Background**

Pavely filed her application for SSI on August 16, 2011, alleging an onset of disability on May 1, 2011. [R. at 163.] Pavely alleges disability due to bipolar disorder, panic attacks, personality disorder, post-traumatic stress disorder, anxiety and pain in her back and neck.[1] [R. at 193.] Pavely's applications were initially denied on November 9, 2011, and denied again on February 9, 2012, upon reconsideration. [R. at 11.] Pavely timely filed a written request for a

---

[1] Pavely recited the relevant factual and medical background in more detail in her opening brief. [*See* Dkt. 17.] The Commissioner, unless otherwise noted herein, does not dispute these facts. [*See* Dkt. 18.] Because these facts involve Pavely's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

1

hearing, which was held on April 26, 2013, before Administrative Law Judge Belinda J. Brown ("ALJ"). [R. at 11.] The ALJ issued a decision on June 24, 2013, again denying Pavely's application for SSI. [R. at 9.] On October 28, 2014, the Appeals Council denied Pavely's request for review, making the ALJ's decision the final decision for purposes of judicial review. [R. at 1.] Pavely timely filed her Complaint with this Court on November 17, 2014, which Complaint is now before the Court.

## II. Legal Standard

To be eligible for DIB or SSI , a claimant must have a disability pursuant to 42 U.S.C. § 423.[2] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and she is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at

---

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

step three and cannot perform her past relevant work but she can perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacity for work-related activities. S.S.R. 96-8p.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (citing *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into his reasoning" and "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III.   The ALJ's Decision

The ALJ first determined that Pavely has not engaged in substantial gainful activity since August 3, 2011, the application date. [R. at 13.] At step two, the ALJ determined that Pavely

"has the following severe impairments: anxiety and degenerative disc disease." [*Id.*] However, at step three, the ALJ found that Pavely does not have an impairment or combination of impairments that meets or medically equals a listed impairment. [*Id.*] In making this determination, the ALJ considered Listing 1.04 for Pavely's back impairment, but found that the medical evidence did not support all criteria of that listing. [R. at 14.] She then considered Plaintiff's mental impairment under Listing 12.06. [*Id.*] In doing so, she employed the SSA's special technique for evaluation of mental impairments. She thus considered the "Paragraph B" criteria and found that Plaintiff had "mild" restrictions in activities of daily living; "moderate" difficulties in social functioning; and "moderate" difficulties maintaining concentration, persistence, or pace. [R. at 14-15.] She also found that Plaintiff had no episodes of decompensation of extended duration, [*id.*], and she concluded that the Paragraph B criteria were not satisfied. [*Id.*] The ALJ then turned to the "Paragraph C" criteria, but she found that the record contained insufficient evidence to establish that these criteria were satisfied. [*Id.*]

The ALJ next analyzed Plaintiff's residual functional capacity ("RFC"). She concluded that Plaintiff had the RFC to perform the following range of work:

> [L]ifting and carrying 20 pounds occasionally and 10 pounds frequently. The work may not require more than six (6) hours of sitting; two (2) hours standing and two (2) hours walking during an eight (8) hour workday. The claimant's work must require no more than occasional use of right sided hand controls and reaching overhead with the left upper extremity. The claimant's work may require no more than occasional kneeling, crouching and crawling. However, the claimant's work may require no climbing of ladders, ropes or scaffolds and/or exposure to unprotected heights and moving machines. Finally, the claimant is limited to tasks which are no more than simple and repetitive in nature and require no contact with the public and only occasional contact with coworkers and supervisors.

[R. at 15-16.] In finding these limitations, the ALJ considered Pavely's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [R. at 16.] The ALJ then acknowledged that the evidence presented could reasonably show that Pavely suffers from the symptoms she alleges, but he found her statements "not entirely credible." [*Id.*] At step four, the ALJ concluded that this RFC did not allow Plaintiff to perform any of her past relevant work. [R. at 21.] The ALJ thus proceeded to step five, at which time she received testimony from the vocational expert indicating that someone with Plaintiff's education, work experience, age, and RFC would be able to perform jobs such as shipping/receiving weigher or baker helper. Because these jobs existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not disabled. [R. at 22.]

## IV.  Discussion

Pavely claims the ALJ committed various errors that require reversal of the Commissioner's decision.  Specifically, Pavely contends the ALJ erred when she:  (1) found Pavely was not totally disabled due to panic disorder, depression and chronic back pain;  (2) failed to summon a medical adviser to determine whether Pavely's mental impairments medically equaled Listing 12.06; and (3) failed to account for the impact of Pavely's combined mental impairments at Step Five.

### A.  Substantial Evidence and Disability Determination

Pavely first broadly contends that substantial evidence fails to support the ALJ's decision that Pavely is not totally disabled due to her mental impairments and chronic back pain. [Dkt. 17 at 17.] Pavely asserts narrow arguments within this broad contention that the Court will address in turn.

### 1. *Substantial Gainful Activity*

First, Pavely argues the ALJ treated her post-onset of disability work inconsistently. The ALJ notes several times that Pavely worked after the alleged onset of disability, but she did not determine the work to be disqualifying substantial gainful activity. In the final reference, the ALJ states Pavely "likely performed work at or near levels indicative of substantial gainful activity." [Dkt. 12-2 at 21.] Pavely interprets this language as a *determination* that Pavely's earnings constituted substantial gainful activity, which would be inconsistent with the ALJ's prior references that concluded the work was not disqualifying. Pavely's argument is not convincing. The ALJ clearly determined Pavely's post-onset work – the bulk of which was limited to the fourth quarter of 2012 where she earned $3,679.00 – *did not* qualify as substantial gainful activity. [R. at 13.] The ALJ did not reference Pavely's work as evidence of substantial gainful activity; but rather as evidence that her ability to perform daily activities, such as work, are not as limited as she asserts. This is a reasonable inference, and it does not constitute inconsistent treatment.

### 2. *Consideration of the Medical Evidence*

Pavely next cites a series of medical records addressing her mental impairments that the ALJ either "ignored" or only "selectively considered." [Dkt. 17 at 19-22.] Pavely implies, without following through with actual argument, that had these records been properly considered, the ALJ would have found Pavely to be disabled. Even had she articulated this argument, however, it would not be persuasive. The ALJ is not required to put into writing every piece of evidence she considers but must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled, so that "as a reviewing court, we may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful

judicial review." *Young v. Barnhart,* 362 F.3d 995, 1002 (7th Cir. 2004). *See also, e.g.*, *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (the ALJ is "not required to address in writing every piece of evidence or testimony presented"); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (the ALJ "is not required to address every piece of evidence or testimony"); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (the ALJ "need not evaluate in writing every piece of testimony and evidence submitted").

Moreover, an examination of the ALJ's decision reveals the majority of these records actually were referenced within the thorough medical history provided in the opinion. For example, Pavely asserts the ALJ "ignored" records from primary care visits on August 8 and August 15, 2011, where she reported continued problems with anxiety and depression. These records were in fact referenced by the ALJ, who noted Pavely's reports of anxiety but also possible drug-seeking behavior. [Dkt. 12-2 at 19.] "On August 8, 2011, the claimant was required to sign a pain [medication] contract, but both her anxiety and back pain were described as stable . . . On August 15, 2011, the claimant returned complaining she injured her left shoulder in a fall (coincidentally on August 8, 2011) and wanted pain medication." *Id*.

The ALJ evaluated Pavely's records under Listing 12.06 (anxiety disorders) and Listing 1.04 (disorders of the spine) and determined she did not meet either listing. Pavely identifies no evidence that contradicts this conclusion.[3] Instead, Pavely strings together several disjointed phrases from Seventh Circuit social security decisions without connecting the law to the facts of her case. "This method of argumentation is not argumentation at all .... The Court cannot and will not forge new arguments for [the Claimant]." *Poston v. Astrue,* 2010 WL 987734, at *8

---

[3] On Reply, Pavely argues the ALJ rejected a finding of disability by a treating psychologist. She fails to provide a citation to the record and the Court's review of the medical record yields no such document. In addition, arguments raised for the first time in the reply brief are waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011).

(S.D. Ind. 2010). It is plaintiff's burden to demonstrate that her impairments meet or equal a listing. *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). Based upon the medical record as a whole, the ALJ found Pavely's mental impairments did not rise to the level of severity required to be considered "disabled" under Listing 12.06 or 1.04. The Court finds there is substantial evidence to support that conclusion.

### B.  Failure to Summon Medical Advisor

Pavely next asserts the ALJ failed to summon a medical adviser to provide an informed basis as to whether she was disabled due to her combined impairments. An ALJ must rely on a medical expert's opinion when finding a claimant does not meet or equal a listed impairment. SSR 96–6p. In some instances, this requires the ALJ to hear additional evidence from a medical examiner. *See Green v. Apfel,* 204 F.3d 780, 781 (7th Cir. 2000) (noting that the ALJ incorrectly made medical conclusions instead of consulting a medical examiner).

Pavely's argument here is difficult to understand because a physician actually did review her medical records and testified extensively at the hearing as to the extent of her impairments. Pavely attempts to rely upon *Barnett v. Barnhart,* 381 F.3d 664 (7th Cir. 2004)*,* but her reliance is misplaced because the ALJ in *Barnett* did not consult a medical expert at all or rely on a signed Disability Determination. *Barnett,* 381 F.3d at 670–71. Instead, the ALJ based his findings on his own layperson opinion. *Id.* at 671. By contrast, the ALJ in this case grounded her findings in Dr. Pella's review of the record and testimony. In fact, the ALJ incorporated Dr. Pella's suggested restrictions into Pavely's RFC even though no other medical provider recommended such restrictions. [Dkt. 12-2 at 20.] As there is no evidence the ALJ relied upon a "layperson's opinion" to deny Pavely benefits, this argument cannot serve as a basis for remand.

### C. Step Five and RFC

Pavely's final argument for the reversal of the ALJ's decision challenges her RFC assessment. Specifically, Pavely alleges the ALJ's hypothetical questions to the vocational expert ("VE") failed to account for the "quite severe functional limitations" due to her panic disorder and other mental impairments. [Dkt. 17 at 27.] Pavely's argument here essentially mirrors her above arguments that the ALJ ignored evidence of her mental impairments. As explained above, the ALJ addressed the alleged severity of Pavely's mental impairments and determined she did not meet Listing 12.06. The ALJ noted Pavely's testimony that she does not "deal well" with the public, but also that there was "no convincing evidence to support the notion she isolates herself or has a particularly combative personality." [Dkt. 12-2 at 20.]

The ALJ further expressed skepticism of Pavely's testimony that she experienced 18-25 panic attacks every day because the "record falls far short of documenting the claimant has panic attacks approaching this frequency." *Id.*[4] Nevertheless, the ALJ incorporated Pavely's reported symptoms into the RFC by limiting her to simple and repetitive tasks that require no contact with the public and only occasional contact with coworkers and supervisors. [Dkt. 12-2 at 16.] Although Pavely asserts the RFC "omitted almost all of the limitations" due to her mental impairments, Pavely fails to identify any particular additional limitation that she believes was necessary. Accordingly, the Court finds there is no basis to overturn the ALJ's RFC.

### V. Conclusion

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens*

---

[4] Pavely does not challenge the ALJ's analysis of her credibility which included the finding that "claimant's responses while testifying at the hearing were evasive and left the impression that the claimant may have been less than entirely candid or exaggerating her condition." [Dkt. 12-2 at 20.]

9

*v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Pavely does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 09/21/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov